UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY JOHN TUDOR,<br><br>                      Petitioner,<br><br>  v.<br><br>DONALD R. HOLBROOK,<br>Superintendent of Washington State Penitentiary,<br><br>                      Respondent. | NO: 2:21-CV-0240-TOR<br><br>ORDER DISMISSING HABEAS PETITION WITH PREJUDICE |

BEFORE THE COURT is Petitioner's timely Response, ECF No. 3, to the Order to Show Cause why this Habeas Petition should not be dismissed as time barred. ECF No. 2. Attorney Spencer James Babbitt represents Petitioner Anthony John Tudor, a Washington State prisoner. The Court has not directed service of process on Respondent. The Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 was filed on August 11, 2021. ECF No. 1. The filing fee has been paid.

ORDER DISMISSING HABEAS PETITION WITH PREJUDICE -- 1

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). A district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds after providing the petitioner with adequate notice and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Day v. McDonogh*, 547 U.S. 198, 202 (2006); *Wentzell v. Neven,* 674 F.3d 1124, 1126 (9th Cir. 2012). After careful review of Petitioner's response, the Court finds that Petitioner has failed to show cause why this action should not be dismissed as time barred under 28 U.S.C. § 2244(d).

According to the petition, Mr. Tudor was sentenced in Spokane County on August 7, 2015. ECF No. 1 at 1. The conviction for first degree murder was affirmed by the Washington State Court of Appeals, Division III on February 14, 2017, and Petitioner did not seek further direct review from the Washington State Supreme Court. ECF No. 1 at 2. When a prisoner does not seek review in the State's highest court, judgment becomes final on the date that the opportunity to seek such review expires. *Gonzalez v. Thaler,* 565 U.S. 134, 137 (2012). Petitioner had thirty days from February 14, 2017, in which to petition for discretionary review. *See* RAP 13.4(a), Washington Rules of Appellate Procedure.

ORDER DISMISSING HABEAS PETITION WITH PREJUDICE -- 2

Counsel has offered none of the statutory bases to delay the onset of the federal limitations periods under 28 U.S.C. § 2244(d)(1)(B)-D). Therefore, the federal period of limitations commenced thirty days after February 14, 2017, on March 16, 2017, and expired before Petitioner filed his personal restraint petition with the Washington State Court of Appeals, Division III, on May 15, 2018. ECF No. 1 at 17-18. The state appellate courts deemed the personal restraint petition untimely. *Id.* at 17-34. Regardless, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer,* 321 F.3d 820, 823. Consequently, this federal Habeas Petition, filed on August 11, 2021, is untimely under federal law.

Counsel argues that equitable tolling should apply to this Habeas Petition because the petition "presents extraordinary circumstances." ECF No. 3 at 4. However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner has failed to show that some "external force" caused his untimeliness, rather than mere "oversight, miscalculation or negligence." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). Petitioner has failed to show that the delay in filing the federal habeas corpus petition was due to circumstances

ORDER DISMISSING HABEAS PETITION WITH PREJUDICE -- 3

1    "beyond [his] direct control," and not by his or his lawyer's "own mistake." *Harris*
2    *v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

3    While Petitioner asserts that "attorney misconduct" may constitute an
4    "extraordinary" situation justifying equitable tolling under *Holland,* Petitioner has
5    identified no egregious behavior on the part of post-conviction counsel that creates
6    an extraordinary circumstance warranting equitable tolling. *See Holland,* 560 U.S.
7    at 651. Rather, Petitioner reiterates the assertions in the petition, that trial counsel
8    was ineffective. This did not prevent Petitioner from filing a federal habeas corpus
9    petition prior to March 16, 2018.

10    Although Petitioner contends that he "diligently sought appellate review," the
11    record is clear that he did not pursue a direct appeal to the Washington State Supreme
12    Court. ECF No. 1 at 2. Furthermore, his assertion that appellate counsel mistakenly
13    identified May 16, 2017, as the date of the mandate does not warrant equitable
14    tolling. *See Harris,* 515 F.3d at 1055; *Waldron-Ramsey,* 446 F.3d at 1011. Once
15    again, "it is the decision of the state appellate court, rather than the ministerial act of
16    entry of the mandate, that signals the conclusion of review." *See Wixom v.*
17    *Washington,* 264 F.3d 894, 897-98 (9th Cir. 2001).

18    Based on the record before this Court, **IT IS ORDERED** that the Habeas
19    Petition is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d).
20    The Court certifies that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).  A certificate of appealability is DENIED.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Counsel for Petitioner, and close the file.

**DATED** September 13, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING HABEAS PETITION WITH PREJUDICE -- 5